IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UT VAN NGUYEN,

        Plaintiff,

vs.                       Case No. 14-1218-JTM

CAROLYN W. COLVIN, Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Ut Van Nguyen has applied for Social Security disability insurance benefits, based upon various physical and mental impairments. His application was denied by the Administrative Law Judge (ALJ) on January 24, 2013, and the Appeals Council denied review on May 15, 2014. Nguyen advances three allegations of error in the present appeal. He contends that the ALJ erred in failing to consider his mental impairments, failed to correctly determine his residual functional capacity, and erred in determining that he could return to his former work.

Plaintiff-claimant Nguyen was born on September 14, 1956, and has a twelfth grade education. He has worked as a cook, a machine operator, assembler and a repairer for a materials manufacturer. In his original application for disability, Nguyen alleged that he

stopped working because of back problems and problems with his left knee and leg. (Tr. 195). In the evidentiary hearing conducted by the ALJ, Nguyen also stated that he suffered from "mental oppression," which he attributed to the death of his son "killed in a shooting event." (Tr. 18). In addition to "numbing pain all over my body," Nguyen also stated that he is fatigued "all the time," and suffers from nightmares. (Tr. 13, 18, 20).

The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 48-57). As the ALJ determined, Nguyen suffers from severe impairments in the form of degenerative disc disease, disease of the lumbar and cervical spine, and degenerative disease of the left knee. While the ALJ agreed that Nguyen experienced an impairment of mood, the anxiety he suffered from the death of his son was of limited duration and was not a severe impairment (Tr. 50). The ALJ determined that Nguyen retained the residual functional capacity to perform light work, except that he can only occasionally climb ramps and stairs and can occasionally climb ladders and scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. He must change positions every hour. (Tr. 51). In light of this residual functional capacity, Nguyen could return to the position of assembler of small products, a form of unskilled light work. (Tr. 56).

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: he must show that he is engaged in substantial gainful activity, that he has a medically-determinable, severe

ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that he cannot return to his former work, the Commissioner has the burden of showing that he can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" in the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court will not reweigh the evidence. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004). Thus the court will not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*." *Id*.

*See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (applying *Zoltanski* in reviewing ALJ's social security decision).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

The court finds that the ALJ appropriately considered Nguyen's alleged mental impairment, which she found reflected a

> disturbance of mood in the form of anxiety, which was first referenced in July 27, 2012. It appears from the evidence that his symptoms were situational and associated with a family tragedy. The claimant was started on anti-anxiety medications with no further references to disturbances in mood noted. Furthermore, this impairment does not meet the 12-month durational requirement.

(Tr. 50).

Because the condition was of such limited duration, the ALJ was not required to analyze Nguyen's condition using the special technique for evaluating mental impairments under 20 C.F.R. § 404.1520a(c)-(d). *See* § 404.1520a(a). The ALJ's assessment is supported by substantial evidence. The plaintiff experienced a family tragedy in 2005. He continued working until 2010, when he was terminated. At that time, Nguyen had held his job for many years after the shooting. His supervisor stated in 2011 that he performed the mental apects of his job without difficulty. The records from the plaintiff's family physician, Dr. Thanh Vu (D.O.), fail to indicate any ongoing substantial medical problems. On July 27,

2012, after Nguyen complained of losing sleep, Dr. Vu reported that diagnosed a generalized anxiety disorder, and authorized a 30-day prescription of the anti-anxiety medication Alprazolam.

The ALJ accurately determined that the anxiety appeared brief and situational in nature, was not severe within the meaning of 20 C.F.R. § 404.1521, and that Nguyen worked for years after the incident without difficulty, and that he could return to his past work.

The plaintiff next challenges the ALJ's determination of his residual functional capacity as not being supported by substantial evidence. However, the court finds that the ALJ did not err in weighing the assessments rendered by the treating family physician Dr. Vu, treating surgeon Dr. Pohaska, consulting physical therapist Hendrick, and consulting physicians Dr. Wilkinson and Dr. Henderson. Essentially, the plaintiff argues the opinions of Dr. Vu and Ms. Hendrick should have received more weight, and that from the other medical sources less. The court finds that the ALJ appropriately weighed this conflicting information, and the court will not reweigh the evidence. *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1301 (10th Cir. 2011).

The ALJ explicitly addressed the assessment rendered by Barbara Hendrick, a licensed physical therapist. Ms. Hendrick evaluated Nguyen at the Via Christi Rehabilitation Hospital on December 4, 2012, shortly before the administrative hearing. As a therapist, her evaluation is not an acceptable medical source, and the ALJ was thus obliged to explain her reasoning sufficiently to allow the court to follow her reasoning. *See*

SSR 06-30, 2006 WL 2329939, *6. Here, the ALJ did actively consider the evaluation, and gave it some weight. She determined that the evaluation indicted that Nguyen

> could occasionally bend/stoop, squat, crawl, climb ladders and stairs. The therapist opined that the claimant could frequently sit, stand/walk, push, pull, trunk twist, and reach above shoulder. The claimant could infrequently kneel. The therapist concluded that the claimant could constantly forward reach, forceful grasp, fine hand manipulation, and simple grasp. The claimant could occasionally lift/carry, push/pull 20 pounds occasionally, 10 pounds frequently. Except for mild weakness in his left knee, the results of the musculoskeletal tests were basically normal. The claimant had functional mobility throughout and normal strength. The undersigned gives partial weight to the therapist's opinion because the opinion is not entirely consistent with the entire record as a whole. For example, the therapist gives no specific limitations for sitting, walking, standing. The undersigned accords only partial weight to this opinion except to the extent that it is consistent with the above residual functional capacity.

(Tr. 54 (record citation omitted)). The court finds no error in this assessment or the weight assigned to Hendrick's evaluation.

The ALJ decided to give partial weight to the opinion of Dr. Vu because it was otherwise inconsistent with the medical record as a whole. (Tr. 54). "For example," the ALJ noted, Dr. Vu's Physical Residual Functional Capacity Assessment setting forth limitations on the plaintiff's ability to sit, stand, walk, move, and reach "is not supported with the doctor's treatment notes or his own observation." (*Id*.) Moreover, the check box form completed by Dr. Vu on December 10, 2012, refuses to elaborate on the reasons for his conclusions. Although the form repeatedly asks the medical source to "Explain how and why the evidence supports your conclusions," "Cite the specific facts upon which your conclusions are based," and "Describe how the activities checked 'limited' are impaired," Dr. Vu responded only by deferring to Ms. Hendrick, the Wesley therapist who had seen

6

Nguyen a few days before. In each instance, Dr. Vu merely responds, "Please refer to FCE [Ms. Hendrick's evaluation] for full report." (Tr. 406-08). As the ALJ accurately noted, rather than offering any particularized assessment or explanation of Nguyen's condition, Dr. Vu "just refers to the report of the physical therapist." (Tr. 54).

Nguyen also argues that the ALJ erred in failing to address the findings of Dr. Sitha Miller, who evaluated him on March 27, 2012. The court finds no error. First, Dr. Miller's opinion does not support any material change in the residual functional capacity adopted by the ALJ. Dr. Miller found Nguyen to be "Alert and oriented X3. Well Nourished, Well Developed. No Acute Distress. Affect is normal and appropriate." (Tr. 355). Dr. Miller found "[f]ull range of motion in all extremities," and "Strength 5/5 for upper and lower extremities." (*Id.*) Nguyen exhibited no sensory deficits, his gait was normal, and he had adequate dexterity. Moreover, the ALJ did not ignore the findings by Dr. Miller, but explicitly referenced them in the opinion, accurately noting, "Results of the physical examination were normal, including normal neuro signs." (Tr. 54).

Similarly, the plaintiff argues that the ALJ erred in failing to explicitly state the weight she gave to the opinion of the consultative examiner Dr. Dick A. Geis, who issued a residual functional capacity assessment generally consistent with light work (Tr. 40-44, ALJ Exh. 4A). But the ALJ did not err, explicitly stating that she had "considered and given substantial weight to the administrative findings of fact made by the State agency medical consultants. (Exhibits 4A)." (Tr. 55). She found that the conclusions of the consultative examiners, including Dr. Geis, were both "internally consistent and consistent with the

7

evidence as a whole." (*Id.*)

As noted earlier, the ALJ balanced evidence submitted by the plaintiff against the results from the consultative examination by Dr. James Henderson (M.D.) and the findings of Nguyen's treating surgeon Dr. Daniel Prohaska (M.D.). Dr. Henderson examined Nguyen on October 21, 2011 and April 9, 2012. In the first visit, Dr. Henderson noted that Nguyen reported suffering from back pain for some ten years, "but the left leg just the past year." (Tr. 343). Nguyen told Dr. Henderson that he could not sleep, felt stiff for 15-20 minutes in the morning, and that, without discomfort, he could sit for 30 minutes, and stand for one to two hours, and walk for 20-25 minutes. (*Id.*)

When Dr. Henderson again saw Nguyen, he noted that Nguyen appeared to walk with a limp, and exhibited pain in the left knee, but exhibited no instability in the joint. Dr. Henderson also observed that Nguyen still received no medical management for this reported pain. He had no history of physical therapy, epidural injection, chiropractic management or use of a TENS unit. He did not use any assistive device, and was able to get on and off the examining table in walking heel to toe or in getting on and off the examining table. He had mild difficulty in hopping, squatting, and standing after sitting. "Range of motions of the joints is normal and all joints are free of tenderness, erythema, and effusion," except that his right and left cervical spine rotation was slightly diminished. (Tr. 344).

> There are no paravertebral muscle spasms. Lumbar bend is touching the floor. Straight leg raise lying is 80 degrees bilaterally. Straight leg raise sitting is 90 degrees bilaterally.

> Jamar apparatus shows 73.3 pounds of grip strength in the right hand and 40.3 pounds of grip strength in the left hand. The patient was able to pick up a coin, open a door, and fasten a button.

(*Id.*) In reviewing Dr. Henderson's report, the ALJ accurately concluded that it indicated that Nguyen had "only *mild* difficulty with orthopedic maneuvers." (Tr. 54 (emphasis in original)).

Dr. Prohaska examined Nguyen on August 18, 2009, a week and a half after a medial and lateral meniscectomy. Nguyen told Dr. Prohaska that "his symptoms have improved 60%" in the short period since the surgery. (Tr. 302). The examination "reveals the wounds to be clean and healing well. He has a slight effusion with range of motion: 0 to 125 with a good quad set and straight leg raise without extension lag. No joint line pain," and ultimately concluded that the prescribed post-surgical care "is satisfactory." *Id*.

Nguyen returned to Dr. Prohaska a month later and stated that he had "some pain" in the knee and felt tired. (Tr. 299). However, Dr. Prohaska's report also states that Nguyen

> was reassured with respect to the long-term outcome of his right knee. He had no chondromalacia at the time of surgery. *I see no reason he will have pain for a year or two after surgery.* I expect him to resolve fully within two to three months post-operatively. The patient returns to modified work with no kneeling, no squatting, and no climbing stairs or ladders.

*Id.* (emphasis added).

A third and final examination occurred three months after the knee surgery. Nguyen reported that "[o]verall ... he is better," and was "walking a lot at work." (Tr. 296). However, he did have "some tingling anteromedially," that he was tired and felt like there was "something is loose in the knee." *Id.* Nguyen asked for permanent work restrictions.

9

However, the report indicated that the post-surgical treatment remained satisfactory, and Dr. Prohaska issued no restrictions other than two — that Nguyen should not climb ladders while he was carrying ten pounds, and that he should not carry thirty pounds. "He [Nguyen] is now at maximum medical improvement and released from further immediate care. If an impairment rating is needed this may be requested in writing." *Id.* The court finds that the ALJ adequately addressed the opinion of Dr. Prohaska.

The plaintiff argues that the ALJ should not have given such weight to Dr. Prohaska's opinion because it was older than the evaluations by Dr. Vu and Ms. Hendrick. The argument is without merit. The evaluations cited by the plaintiff are more recent. They are also more cursory, and do not reflect the evaluation of a treating surgical specialist. The ALJ evaluated the medical opinions on the basis of the consistency of the entire record and the nature of the underlying objective medical evidence. The court finds no error in the ALJ's weighing of the evidence.

Relying on Ms. Hendrick's evaluation, the plaintiff also contends that the ALJ erred in determining that he could alternate between standing and sitting once an hour (rather than on an as needed basis), and failing to adopt an exclusion on overhead reaching. But, as noted earlier, the ALJ independently decided that Ms. Hendrick's evaluation, a non-medical source, should receive only partial weight. The determination as to Nguyen's standing and reaching ability is premised on substantial evidence as reflected in the medical record as a whole, including his own testimony that he stood and walked in his garden for an hour or so at a time. (Tr. 19).

The plaintiff also challenges the ALJ's decision to give little weight to a third party statement from his son, arguing this was error to reject the statement merely because it was a lay opinion. But this is not what the ALJ did. The ALJ indeed noted the son's statement was a "lay opinion," but the opinion clearly indicates that this statement was not rejected merely because it was offered by a lay person. The ALJ explicitly stressed that the statement "certainly does not outweigh the accumulated medical evidence regarding the extent to which the claimant's limitations can reasonably be considered severe." (Tr. 55). Immediately prior to this observation, the ALJ had issued a detailed examination of that accumulated medical evidence, and no error exists.

The plaintiff argues the ALJ erred in assessing his credibility. Here, the ALJ acknowledged that the plaintiff's impairments could be reasonably expected to cause the symptoms he described, but also determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 55).

> [A]n ALJ faced with a claim of disabling pain is required to consider and determine (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a "loose nexus"); and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling.

*Keyes -Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)).

The court finds that the ALJ's determination was not erroneous, as the ALJ noted the inconsistencies between Nguyen's allegations and the objective medical evidence.

11

Nguyen alleged he could not work because his walking was restricted following his knee surgery. But the evidence showed substantial improvement after the knee surgery, with Nguyen stating that he was "walking a lot" and his physician releasing him to return to work with only lifting restrictions. He testified before the ALJ to extreme limitations in standing and walking, stating that he could not do so for more than half an hour, and that he could not pick up items from the ground. Other evidence indicated that he could walk and stand for about an hour, had a normal gait, and had only mild difficulty in hopping and squatting down to pick up a coin. Similarly, Nguyen testified to extreme limits on his lifting ability; objective medical evidence indicated that he could perform work requiring much greater lifting.

> The undersigned further finds that the claimant's allegations are not consistent with the medical evidence of record. The claimant testified that he has pain all over his body, particularly his shoulder and back and that both legs are weak. He stated that medications do not improve the pain. However, x-rays do not corroborate the claimant's testimony of the severity of his pain. X-rays showed pronounced spondylosis of C5-6, minimal to mild spondylosis between T12 and L4, and minimal degenerative changes in the lumbar spine. (Exhibits 8F-3, 6F). Results of many of the musculoskeletal examinations were normal, including no tenderness, full mobility in all joints, and back, and only 10-degree loss of rotation in the neck. There was no evidence of spasms. There was negative straight leg raising and negative foot drop. There was no swelling, heat erythema of extremities, and no deformities or inflammatory changes. Fine dexterity and grip were preserved. The claimant's gait was described sometimes as normal, and sometimes as limping. The claimant exhibited only mild difficulty squatting, rising from a chair, and hopping. The claimant denied having physical therapy and using a TENS unit. He denied seeing a specialist or chiropractor. He denied use of an assistive device. In August 2009, the claimant underwent exploration of his left knee with meniscectomies. Since that time, except for an occasional limp, mild difficulty with squatting, rising from a chair, and hopping, his medical examinations have been normal.

(Tr. 55-56).

Finally, the ALJ determined that Nguyen's subjective statements were inconsistent with his activities of daily living:

> The claimant testified that he does not do much during the day. He stated that he just walks around, watch television, water his garden for an hour, and at times, accompany family members when they shop. However, he reported on the Function Report-Adult form that he performs household tasks such as washing dishes and doing laundry. He cooks, plants vegetables, and cleans his home. (Exhibit 3E) He also reported that he drives his son to and from school. The claimant reported being independent in self-care. He shops for groceries within the community. He also enjoys playing the guitar and reading.

(Tr. 55). The ALJ's credibility assessment was not in error.

The plaintiff challenges the ALJ's credibility assessment because it briefly and in passing takes note of "the claimant's financial interest in the outcome." (Tr. 56). However, this notice was rendered in the context of the ALJ's determination to consider all of the evidence in the case. The ALJ's recognition of the financial interest was not a decisive factor in the credibility assessment, as it was mentioned explicitly as an additional circumstance of note. Rather, the credibility assessment was premised on the conclusion that "[w]hen evaluated, the claimant's subjective complaints are found to be exaggerated and inconsistent with the other evidence, including the clinical and objective findings of record." (Tr. 56).

Finally, the plaintiff challenges the ALJ's determination at step four in the sequential process that he could return to his former work. Specifically, she determined that the plaintiff could return to his work as an assembler of small products, a form of light

13

unskilled work. The ALJ relied upon the testimony of the vocational expert, who testified that the plaintiff could perform such work at a table or bench, which would allow him to alternate positions. Finally, the ALJ found that the expert's testimony was consistent with the Dictionary of Occupational Titles, specifically DOT #739.687-030.

The plaintiff argues that the ALJ erred in failing to explicitly assess his functional capacity, the demands of his former work, and his ability to return to that work. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). He contends the ALJ should have explored the consistency of the vocational expert's testimony with the DOT definition of small parts assembler, and considered a restriction on reaching and his lack of English speaking ability.

The court finds no error. The ALJ issued a detailed residual functional capacity, found that the plaintiff could perform the position of assembler as unskilled, light work, expressly noting that it was "sedentary as performed by the claimant," found the plaintiff's residual functional capacity was adequate to meet "the physical and mental demands of this work," and concluded that the vocational expert's testimony was consistent with the DOT definition. (Tr. 56). The ALJ's decision was prefaced on the written assessment of the vocational expert as to the demands of his past work. The ALJ found that Nguyen could return to his former work as he actually performed it, successfully, for many years.

IT IS ACCORDINGLY ORDERED this 25th day of August, 2015, that the decision of the Commissioner is hereby AFFIRMED.

                                                    s/ J. Thomas Marten
                                                    J. THOMAS MARTEN, JUDGE